| | |
|---|---|
| 1 | **MCFARLIN LLP**<br>Timothy G. McFarlin (State Bar No. 223378)<br>Email: tim@mcfarlinlaw.com<br>Jarrod Y. Nakano (State Bar No. 235548)<br>Email: jarrod@mcfarlinlaw.com<br>4 Park Plaza, Suite 1025<br>Irvine, California 92614<br>Telephone: (949) 544-2640<br>Fax: (949) 336-7612 |

Attorneys for Plaintiff
VERONICA MATHIAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA MATHIAS an Individual,<br><br>             Plaintiff,<br><br>    v.<br><br>1701 PARTNERS, a business of unknown form; and DOES 1-100,<br><br>             Defendants. | Case No.: 2:19-cv-08842-ODW-DFM<br>Judge: Hon. Otis D. Wright<br>Courtroom: 5D<br><br>**Second Amended Complaint for Damages and Injunctive Relief for:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181, ET SEQ.; AND**<br><br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51, ET SEQ.**<br><br>Date Action Filed: October 15, 2019<br><br>Trial Date: None Set Yet |

-1-

Comes now Plaintiff VERONICA MATHIAS ("Plaintiff"), who complains and alleges of Defendant 1701 PARTNERS, a business of unknown form ("1701 PARTNERS") as follows:

## PARTIES

1. Plaintiff is an adult California resident. Plaintiff has a Disabled Person Parking Placard issued to her by the State of California. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating and sitting. As a result of these disabilities, Plaintiff relies upon mobility devices to ambulate. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101, *et seq.*

2. Plaintiff brings this action acting as a "private attorney general" as permitted under the American with Disabilities Act of 1990 ("ADA") to privatize enforcement of the ADA without the American tax payer(s) bearing the financial tax burden for such action.

3. Plaintiff is informed and believes and thereon alleges that 1701 PARTNERS, conducts and operates its business at the property located at 1715 Pacific Coast Highway, Lomita, CA 90717("Property"). "Weinerschnitzel" ("Business"), operates on Defendant's property which is a facility open to the public, a place of public accommodation, and a business establishment

4. Plaintiff is informed and believes and thereon alleges that 1701 PARTNERS is the owner of the subject Property.

5. Plaintiff does not know the true names of Defendant, their business capacities, their ownership connection to the subject property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendant. Plaintiff is informed and believes that each of the Defendant herein, including Does 1 through

1  100, inclusive, is responsible in some capacity for the events herein alleged, or is a
2  necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend
3  when the true names, capacities, connections, and responsibilities of the Defendant
4  and Does 1 through 100, inclusive, are ascertained.

## JURSIDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3-4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA").

7. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act ("UCRA") claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## GENERAL ALLEGATIONS

9. Plaintiff went to the Business on or about August 13, 2019 to purchase a meal.

10. Parking spaces are one of the facilities, privileges and advantages reserved by Defendant to persons at the property serving the Business.

11. Unfortunately, although parking spaces were one of the facilities reserved for patrons, there were no designated parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines ("ADAAG") on or about August 13, 2019. At that time, Plaintiff experienced extreme difficulty availing herself to the Business accommodations.

12. Instead of having architectural barrier free facilities for patrons with

- 3 -

disabilities, Defendant has: a built-up curb ramp that projects from the sidewalk and into the disabled parking area (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 502.4); a built-up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1).

13. Subject to the reservation of rights to assert further violations of law after a site inspection found *infra*, Plaintiff asserts there are additional ADA violations which affect her personally.

14. Plaintiff is informed and believes and thereon alleges Defendant has no policy or plan in place to make sure that there was a compliant accessible access parking reserved for persons with disabilities prior to August 13, 2019.

15. Plaintiff is informed and believes and thereon alleges Defendant has no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG.

16. The designated disabled parking spaces for use by persons with disabilities are a tip over, crash, fall hazard or trip hazard because it contains a built-up curb ramp and cross slopes.

17. Plaintiff personally encountered these barriers. These inaccessible conditions denied the Plaintiff full and equal access and caused her difficulty, humiliation and frustration.

18. As an individual with a mobility disability who at times is dependent upon a wheelchair or other mobility device, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

19. Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing herself of the goods and services offered to the public

and to ensure that the Business ceases evading its responsibilities under federal and state law.

20. The Defendant has failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

21. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

22. Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations and barriers in the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the Plaintiff seeks to have all barriers related to his disability remedied. *See* Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, the plaintiff can sue to have all barriers that relate to his disability removed regardless of whether she personally encountered them).

23. Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the Defendant exercised control and dominion over the conditions at this location prior to August 13, 2019, (3) the lack of accessible facilities was not an accident because had the Defendant intends any other configuration, they had the means and ability to make the change.

24. Without injunctive relief, Plaintiff will continue to be unable to fully access Defendant's facilities in violation of Plaintiff's rights under the ADA.

## FIRST CAUSE OF ACTION

### (Violations of the Americans With Disabilities Act Of 1990, 42 U.S.C. § 12181, *et seq.* Against All Defendants)

25. Plaintiff incorporates by reference, as though fully set forth, paragraphs 1 through 24 of this Complaint.

26. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows.

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

27. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions. 1991 Standards § 4.6.2. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Here the failure to provide a level access aisle in the designated disabled parking space is a violation of the law and excess slope angle in the access pathway is a violation of the law.

28. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

29. Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

30. Given its location and options, Plaintiff will continue to desire to patronize the Business but she has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## SECOND CAUSE OF ACTION

**(Violation of the UCRA, California *Civil Code* § 51, *et seq.***

**Against All Defendants)**

31. Plaintiff incorporates by reference, as though fully set forth, paragraphs 1 through 30 of this Complaint.

32. California *Civil Code* section 51, *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, *Civil Code* section 51, *et seq.*

33. Because Defendant violated Plaintiff's rights under the ADA, they also violated the UCRA and are liable for damages. CAL. CIV. CODE §§ 51(f) and 52(a). These violations are ongoing.

34. Plaintiff is informed and believes and thereon alleges that Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, *Civil Code* section 51, *et seq.*, because Defendant has been previously put on actual or constructive notice that the Business is inaccessible to Plaintiff. Despite this knowledge, Defendant maintains their premises in an inaccessible form, and Defendant has failed to take actions to correct these barriers.

## **PRAYER**

WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:

1. A preliminary and permanent injunction enjoining Defendant from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Property.

2. An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California *Civil Code*.

3. An additional award of $4,000.00 as deterrence damages for each violation pursuant to Johnson v. Guedoir, 218 F.Supp.3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016).

4. For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California *Civil Code* § 52.

## **DEMAND FOR JURY TRIAL**

Plaintiff VERONICA MATHIAS hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

DATED: December 11, 2019         **MCFARLIN LLP**

                                 By:  /s/ Jarrod Y. Nakano
                                 _____

                                 Jarrod Y. Nakano
                                 Attorneys for Plaintiff
                                 VERONICA MATHIAS